PRISOCK *v.* PLATT, A MINOR.

No. 41438 April 4, 1960 119 So. 2d 279

*Lee V. Prisock,* Jackson, for appellant.

*Watkins & Eager,* Jackson, for appellee.

Hall, J.

The appellant in this suit contends that he sustained a most serious personal injury on January 26, 1958, when an automobile which he was driving in a northerly direction along North State Street in the City of Jackson, Mississippi, at about 12:15 P. M., was struck by an automobile driven by Miss Julia Piatt. In his testimony he depicted a horrible injury to his back, but after hearing all of the evidence the jury returned a verdict in favor of the defendant, from which comes this appeal.

On this appeal he contends that the lower court erred in refusing a peremptory instruction in his favor, and he also contends that the verdict of the jury was contrary to the law and the overwhelming weight of the evidence.

It is sufficient for us to say that the issue presented in this case was strictly for the jury, and that by no stretch of the imagination was the appellant entitled to a peremptory instruction.

We have carefully read and considered tediously the lengthy record in this case and wo do not think that the verdict was contrary to the law, nor do we think that it was against the overwhelming weight of the testimony

and evidence. On the contrary, we are of the opinion that the testimony shows rather conclusively that the appellant did not receive any injury and any verdict in his favor would have been against the overwhelming weight of the testimony and evidence. Consequently, we are of the opinion that the judgment appealed from should be affirmed.

Complaint is also made that the lower court erred in refusing the appellant the right to present rebuttal witnesses and testimony. On his direct case the appellant denied that he had suffered any football or other sports injury, and he tried to give the jury the idea that his only injury was the one sued for. He also tried to give the jury the idea that he was discharged from the National Guard because of that injury, but according to the testimony of Captain R. W. McDonnah with the Adjutant General of the National Guard of Mississippi the appellant was discharged from the National Guard because of epileptic seizures, due to an old injury, which seizures, according to appellant's testimony, go back to 1955. Having repeatedly denied that he had received any injury from football or other athletics, at the very close of the case the appellant wanted the court to delay the case until he could get a football coach from Carthage, Mississippi, for the evident purpose of showing that he had received an injury playing football. This would not have been in rebuttal of anything, and we do not think that the trial court would have been justified in passing the case over for another day in order for the football coach from Carthage to arrive and give testimony.

Affirmed.

*McGehee, C. J.,* and *Holmes, Ethridge* and *Gillespie, JJ.,* concur.